At about 11:35 o'clock on the morning of June 18th, 1948, there was an automobile collision at the corner of Delachaise Street and St. Charles Avenue in New Orleans. This suit is the result. The automobiles involved were a Buick belonging to and driven by plaintiff, George Erie, which was on its way downtown on St. Charles Avenue, and a Nash Convertible owned and driven by defendant, Andrew Kenneth Primos, who, going uptown on St. Charles Avenue, had turned to his left at Delachaise Street and intended to cross the riverside driveway of St. Charles Avenue on which the Buick of plaintiff was approaching.
Erie alleges that the collision resulted from negligence of Primos in that he attempted to emerge from the neutral ground and to cross the river side driveway of St. Charles Avenue without bringing his Nash to a stop and sounding his horn, and making certain that it was safe for him to cross. He avers that the repairs to his Buick cost $158.62, and that while it was being repaired he found it necessary to rent a truck in conducting his business, and that he expended $81.25 in rental of this truck. He prays for judgment for the sum of these two amounts alleging that sum to be $238.87. In truth it is $239.87.
Defendant, Primos, admits the occurrence of the accident, but denies that he was in any way at fault, averring that before attempting to cross St. Charles Avenue he brought his car to a full stop on the car tracks and sounded his horn. He avers also that in order to clear the lake side street car track on the neutral ground of St. Charles Avenue, he permitted the front of his car to protrude about two or three feet into the downtown roadway of the avenue and that while it was standing motionless in that position it was struck by the car of plaintiff. He did not reconvene for the damage sustained by his car, but averred that it amounted to $700.00, and prayed for a reservation of his rights to file a separate action for the damage so sustained.
After a trial below there was judgment for plaintiff, as prayed for, for $238.87, and defendant has appealed. *Page 179 
The evidence is sharply in conflict. Plaintiff himself and one other witness, Harold J. Trepagnier, testified in support of plaintiff's claim, whereas the defendant, Primos, and Mrs. Peter Centanni gave a contrary version of the occurrence. Plaintiff says that as he was driving down the avenue he reduced the speed of his car as it was about to approach Delachaise Street because he could see that the traffic signal light at Louisiana Avenue, one block below Delachaise Street, was about to change to red. He says that he could see that no vehicle was crossing the avenue in either direction at Delachaise Street and that just as he was about to reach the intersection, defendant's car suddenly turned to its left, crossed the neutral ground and, without coming to a stop, crashed into the left front of his, plaintiff's Buick. Trepagnier, who was on the front porch of a residence on the lower lake corner, said that he was attracted by the remarkable color of Primos' car; that it was obviously painted with gold paint to attract attention, and that he focused his attention on it while it was still some distance from the corner. He says that as it reached the corner Primos suddenly turned to the left to cross the neutral ground and, without stopping, crashed into the side of plaintiff's car.
Defendant Primos and Mrs. Centanni both say that Primos brought his car to a stop and sounded his horn while it was standing almost entirely on the neutral ground but with its front protruding a few feet into the roadway.
We are not at all impressed with the testimony of Primos or his supporting witness. The physical facts show conclusively that his car crashed into the side of plaintiff's car. It is true that there was some damage to the radiator of plaintiff's car and to the left front headlight but the evidence shows that this was caused by a blow which that car sustained from the side and not by its having crashed headlong into the other car.
We believe that defendant himself realized that he was in error because the evidence convinces us that after the occurrence he gave one of his cards to plaintiff and wrote on it the address of a garage which had done repair work for him. And we believe that the evidence also shows that he did not deny responsibility but, on the contrary, told plaintiff to take his car to that garage and to have an estimate of the damage made there.
We feel it unnecessary to discuss the testimony in detail and merely say that it overwhelmingly supports the conclusion reached by the trial judge that the sole cause of the accident was the fact that Primos attempted to emerge from the neutral ground without stopping, without sounding his horn, and just as plaintiff's car was about to pass in front of him.
Defendant relies almost entirely on the City Traffic Ordinance, No. 13702, Art. VI, 10(b), which reads as follows:
"(b) On streets and avenues having neutral grounds and carrying street car lines, vehicles crossing such neutral grounds shall have right-of-way to complete the crossing of the roadway of such street or avenue under the following conditions:
"Provided the vehicle shall come to a full stop when about to leave the neutral ground and enter the roadway, shall signal with horn, and give opportunity for approaching vehicles in the roadway to come to a stop, it being the intention of this provision to require vehicles in said roadway to stop upon receiving reasonable warning in order that vehicles standing on the neutral ground shall be permitted to complete the crossing of or turning into the roadway."
It is true that under that provision a motorist crossing such a neutral ground may stop on the neutral ground, sound his horn, and then proceed when the other vehicles have stopped and afforded him an opportunity to cross. As we have already said, it is true that the ordinance so provides, but we doubt the advisability of relying upon its provisions, and our own observation indicates that motorists on the thoroughfare pay no attention to it whatever. At any rate, before an operator of such a vehicle may continue crossing the street, he must bring the car to a stop and must sound his horn, and Primos did not do so. *Page 180 
The proof as to cost of the repairs is conclusive, and we also find that the plaintiff has shown that he expended the amount claimed in the rental of the truck which was necessary in the conduct of his business.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.